## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALLEN TUMACDER VALLESTEROS,
Appellant,

DOCKET NUMBER
SF-0752-24-0741-I-1

v.

DEPARTMENT OF DEFENSE,
Agency.

DATE:  August 5, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allen Tumacder Vallesteros, Ewa Beach, Hawaii, pro se.

Jeffrey Meding, Esquire, and William Di Iorio, Esquire, Washington, D.C.,
 for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal.  On petition for review, he argues that the agency violated his due process rights, that the administrative judge did not rule on critical evidence he presented, and that the administrative judge committed harmful procedural error, abused his discretion, and made erroneous interpretations of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

law. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency provided the appellant with a proper instruction and to find that the agency did not violate his due process rights or commit harmful procedural error, we AFFIRM the initial decision.

The appellant was a GG-0132-12 Intelligence Officer at the Defense Intelligence Agency (DIA), where all positions are subject to random drug testing. Initial Appeal File (IAF), Tab 1 at 1, Tab 61 at 19, Tab 62 at 19. On March 26, 2024, he received an email notifying him that he was selected for random drug testing within the next 2 hours. IAF, Tab 4 at 87. Instead of taking the drug test, the appellant went to the hospital where he reported mental health concerns. *Id.* at 26. He later reported having accidentally used a friend's vaporizer, which contained medical marijuana. IAF, Tab 11 at 7.

On May 9, 2024, the agency proposed the appellant's removal. IAF, Tab 4 at 35-41. The proposal contained a single charge of refusing to take a required drug test. *Id.* at 38. The appellant submitted a response to the proposal. *Id.* at 26-29. On August 23, 2024, the agency sustained the charge and removed him, effective immediately. *Id.* at 16-20. He filed his initial appeal with the

Board on September 15, 2024. IAF, Tab 1 at 1. The administrative judge issued an initial decision based on the written record on March 10, 2025. IAF, Tab 75, Initial Decision (ID) at 1. The initial decision affirmed the appellant's removal, finding that the agency proved its charge, a nexus between the conduct and the efficiency of the service, and the reasonableness of the penalty. ID at 17-20, 32-34. The administrative judge also determined that the appellant did not prove his affirmative defenses of due process; harmful procedural error; race, national origin, age, and disability discrimination; and retaliation. ID at 9-17, 20-32. On review, the appellant alleges that the agency violated his due process rights, that the administrative judge did not rule on critical evidence he presented, and that the administrative judge committed harmful procedural error, abused his discretion, and made erroneous interpretations of law.[2] Petition for Review (PFR) File, Tab 6 at 5-31.

The agency proved its failure to follow instructions charge.

The agency charged the appellant with refusing to take a required drug test on March 26, 2024. IAF, Tab 4 at 38. To prove a charge of failure to follow instructions, the agency must prove that it gave a proper instruction to the

_____

[2] The appellant has three pending motions. First, he filed a May 14, 2025 motion for leave to file a motion to expedite the proceedings due to financial hardship. PFR File, Tab 11 at 4-5. Second, on May 15, 2025, he filed a renewed motion for interim relief or to stay the consequences of his removal pending final decision. PFR File, Tab 12 at 4-6. The May 15 motion included a copy of a May 14, 2024 Equal Employment Opportunity Commission decision remanding several of his claims to the agency for further processing. *Id.* at 8-16. We deny these first two motions. Because of the issuance of this final order, there is nothing for the Board to expedite or stay.

On May 15, 2025, the appellant also filed a motion for leave to consolidate his appeals. PFR File, Tab 13 at 4. The appellant has two other pending appeals with the Board. MSPB Docket Nos. SF-3330-25-0148-I-1, SF-4324-25-0149-I-1. We interpret the appellant's request to consolidate his appeals as a request for joinder. Joinder occurs when one person has filed two or more appeals and they are united for consideration whereas consolidation occurs when the appeals of two or more parties are united for consideration because they contain identical or similar issues. 5 C.F.R. § 1201.36(a)(1)-(2). We deny this motion as well because joinder would not expedite the processing of the appeals. 5 C.F.R. § 1201.36(b)(1).

appellant and that he failed to follow that direction, but it does not need to prove the failure was intentional. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-56 (1996). The parties do not dispute that the appellant was instructed to take a drug test on March 26, 2024, and he did not take the test as ordered. ID at 18.

The initial decision did not address whether the agency gave the appellant a proper instruction. Although he does not challenge that he was not provided with a proper instruction on review, we modify the initial decision to find that the agency gave the appellant a proper instruction when it ordered him to take a drug test on March 26, 2024. Section 4.1.1 of DIA Instruction 1015.001, DIA Civilian Drug-Free Workplace Program (Dec. 11, 2015) (DIA Instruction 1015.001), states that all civilian agency employees are subject to random drug testing. IAF, Tab 4 at 70. Section 5.3.3 states that when an employee is selected for random testing, the employee and his supervisor will be notified within 2 hours of the scheduled testing. *Id.* at 71. On March 26, 2024, the appellant and his supervisor were notified by email that the appellant had been randomly selected for a drug test within 2 hours of the notification. *Id.* at 87. We find that this constitutes a proper instruction.

The agency did not violate the appellant's due process rights.

The appellant alleges that the agency violated his due process rights by not providing him a copy of the "Deciding Official Reason and Specification Decision Sheet" and the deciding official's "Douglas Factors Evaluation Checklist." IAF, Tab 62 at 38, 41-44; PFR File, Tab 6 at 24. He raised this issue below, but it was not addressed in the initial decision. IAF, Tab 12 at 12. The appellant states that he received these documents only after his removal was finalized. PFR File, Tab 6 at 24. The Board has found that an agency's failure to give an appellant adequately detailed notice of the alleged misconduct prejudices his ability to mount a meaningful defense and denies him due process. *See Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 666 (1994); *Ragolia v. U.S.*

*Postal Service*, 52 M.S.P.R. 295, 301, *aff'd*, 983 F.2d 1086 (Fed. Cir. 1992) (Table). "[F]undamental due process requires that the tenured public employee have 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" *Barresi*, 65 M.S.P.R. at 666 (*quoting Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985)).

In this case, the appellant does not allege that the agency failed to provide him with the evidence on which it based its charge or prevent him from presenting his side of the story. Rather, he alleges that after those actions took place, he was not given the final documents prepared by the deciding official in making her decision to remove him. PFR File, Tab 6 at 24. He does not assert, and our review did not find, that these documents contained new information that was not previously disclosed to him. *Cf. Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶¶ 9-10 (2012) (finding that an agency violated an appellant's due process rights by denying him notice of specific information considered by the deciding official as an aggravating factor). The Board has not recognized a due process right to such items, and we decline to do so here.

The agency did not commit harmful procedural error.

The appellant next alleges that the agency committed harmful procedural error. PFR File, Tab 6 at 12-13. The Board will not sustain an agency decision if the appellant proves a harmful procedural error in the agency's application of its procedures in arriving at its decision. *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015) (citing 5 U.S.C. § 7701(c)(2)(A) for adverse actions). Harmful error cannot be presumed; an agency error is harmful only when the record shows the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*

The appellant alleges that the agency committed harmful procedural error because the deciding official predetermined his removal. PFR File, Tab 6

at 12-13. He asserts that a Human Resources Specialist's printing of a copy of the order instructing him to take the drug test on the same day as he was supposed to take the test was evidence of predetermination by the agency because it showed that the agency was already preparing supporting documentation for his removal. *Id.* The appellant raised this argument below, but the administrative judge did not address it. IAF, Tab 66 at 8-9. The Human Resources Specialist submitted a statement in which she admitted printing the email to support the notice of proposed removal. IAF, Tab 61 at 25. However, she did not indicate the date on which she printed it. The email also does not list the day on which it was printed. IAF, Tab 4 at 87-88. The appellant cites no evidence to support his claim that the email was printed on the same day he was ordered to take the drug test. We conclude that he has not proven this claim by preponderant evidence and modify the initial decision accordingly. *See Clark v. Office of Personnel Management*, 43 M.S.P.R. 104, 107 (1990) (noting that arguments based on mere speculation are not persuasive).

The appellant also raised below a claim of harmful procedural error because the agency did not inform him of its safe harbor program. IAF, Tab 10 at 8, Tab 26 at 8-9. The agency has a safe harbor program that allows employees to voluntarily admit to illegal drug use. IAF, Tab 4 at 76. An employee who self-reports illegal drug use under the program and voluntarily takes a drug test will not be considered to have a first finding of illegal drug use if the test comes back positive. *Id.* at 77. However, employees who are selected for a random drug test are not eligible to participate in the program. *Id.* at 76.

The appellant argued below that he was denied the right to participate in the safe harbor program because he was not notified about it. IAF, Tab 10 at 8, Tab 26 at 8-9. He stated that, had he known about it, "he could have taken advantage of" it. IAF, Tab 26 at 8. The administrative judge dismissed this argument, finding that the appellant was not eligible for the safe harbor program once he received the notice requiring a drug test. ID at 15-16. We take up this

issue sua sponte because the administrative judge's reasoning did not address the appellant's argument that he should have been notified. DIA Instruction 1015.001, Section 3.10.2, requires the agency to "[p]romote DIA's 'Safe Harbor' program throughout the agency." IAF, Tab 4 at 69. However, the instruction contains no affirmative obligation to notify each employee about the program's existence. We therefore modify the initial decision to find that the appellant has not proven by preponderant evidence that the agency committed harmful procedural error as to the safe harbor program because he has not argued or presented evidence that the agency did not promote the program.

The appellant did not prove that the administrative judge made a procedural error.

On review, the appellant alleges that the administrative judge made several procedural errors. An administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). First, he alleges that the administrative judge did not "address the absence of sworn declarations or testimony from two key supervisors—[M.Q.] (first-line) and [D.S.] (second-line)."[3] PFR File, Tab 6 at 6-7. To the extent that the record did not contain sworn declarations or testimony of M.Q. or D.S., it is the obligation of the parties, not the administrative judge, to request relevant information through discovery and submit it into the record. *See* 5 C.F.R. § 1201.71. An appellant's decision not to do so is not a procedural error by the administrative judge. *See Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013) (finding that an appellant's failure to obtain discovery was due to her own lack of due diligence and not a reason to disturb the initial decision).

---

[3] The appellant referred to D.S. as his second-level supervisor. IAF, Tab 10 at 7. D.S. referred to himself as the appellant's "colleague." IAF, Tab 61 at 21. The administrative judge determined that D.S. was a colleague and not a supervisor. ID at 25.

Second, the appellant alleges that the administrative judge erred by not adjudicating his hostile work environment and discriminatory treatment claims. PFR File, Tab 6 at 7. The appellant was required to make submissions on his affirmative defenses by October 18, 2024. IAF, Tab 6 at 1. On October 18, 2024, he submitted a list of 16 affirmative defenses. IAF, Tab 10 at 11-16. Hostile work environment was included among them. *Id.* at 12-13. On December 10, 2024, the administrative judge issued an order setting forth the standards for the appellant to prove his affirmative defenses. IAF, Tab 35 at 4-18. Hostile work environment was not included. At the end of the order, the administrative judge stated that "[a]ny objections or exceptions to this summary and order above must be received within 10 days of the date of this Order or will be considered waived." *Id.* at 18. In the 10-day period following the order, the appellant made eight filings. IAF, Tabs 36-43. He mentioned hostile work environment in only one of them. IAF, Tab 37. He referenced hostile work environment in the context of his loss of a security clearance and his inability to access his work emails. *Id.* at 6, 7. He did not state or give any indication that he was raising hostile work environment as an affirmative defense. Because he did not timely object to the administrative judge's lack of inclusion of this issue in the order listing his affirmative defenses, we cannot conclude that the administrative judge committed a procedural error by not analyzing his claim of a hostile work environment affirmative defense.

The appellant also asserts that administrative judge did not adjudicate his claim of discriminatory treatment. PFR File, Tab 6 at 7. The administrative judge addressed the appellant's affirmative defenses of race, national origin, age, and disability discrimination. ID at 22-32. The appellant does not explain, and we cannot discern, how the administrative judge did not adequately address his discriminatory treatment claim in his analysis of the appellant's affirmative defenses.

Third, the appellant alleges that the administrative judge committed a procedural error by not ruling on a motion. PFR File, Tab 6 at 14-15. On January 27, 2025, he filed a "Motion for Ruling on Non-Rebuttal Based on the Record." IAF, Tab 55 at 1-9. In the motion, the appellant requested that the administrative judge "draw an adverse inference against the Agency for failing to rebut the Appellant's claims or provide evidence supporting its actions." *Id.* at 7. He also requested that the administrative judge "issue a ruling based on the uncontested record." *Id.* This motion was filed before the record closed on February 10, 2025. IAF, Tab 52 at 1. The agency made its close of the record submission on January 31, 2025. IAF, Tab 61. We find that the appellant's request that the administrative judge issue a ruling was subsumed into his February 7, 2024 motion for summary judgment. IAF, Tab 55 at 7, Tab 67 at 4-28. The administrative judge addressed this motion in the initial decision when he stated that the Board does not have summary judgment authority. ID at 2 n.1. To the extent that the administrative judge erred by not responding directly to the appellant's January 27, 2025 motion, the appellant has not demonstrated that his substantive rights were adversely affected. *See Karapinka*, 6 M.S.P.R. at 127.

<u>The administrative judge correctly determined that the appellant could not raise an affirmative defense of whistleblower reprisal.</u>

The appellant raised an affirmative defense of whistleblower reprisal because of his complaints of mismanagement and prohibited personnel practices. IAF, Tab 22 at 4-10, Tab 28 at 43. The administrative judge determined that as a DIA employee, the appellant could not raise an affirmative defense of whistleblower reprisal. ID at 20-21. The statutory prohibition on whistleblower reprisal applies only in the context of personnel actions taken by an "agency." 5 U.S.C. § 2302(a)(2)(A); *Austin v. Department of Justice*, 2025 MSPB 3, ¶ 9. The President has the authority to exclude an executive agency from the definition of "agency" if he determines that its principal function is to conduct

foreign intelligence or counterintelligence activities. 5 U.S.C. § 2302(a)(2)(C)(ii)(II). The appellant claims that the administrative judge's finding "is without merit" because there is no record evidence that the President made such a determination or that DIA engages in foreign intelligence or counterintelligence activities. PFR File, Tab 6 at 8-9.

The appellant's argument suggests a misunderstanding of the reason why employees at his agency are excluded from section 2302. Section 2302 is inapplicable to DIA employees because of 5 U.S.C. § 2302(a)(2)(C)(ii)(I), not § 2302(a)(2)(C)(ii)(II). Section 2302(a)(2)(C)(ii)(I) specifically excludes DIA from the definition of "agency." This exclusion operates independently of the section 2302(a)(2)(C)(ii)(II) exclusion referenced by the appellant. Therefore, we discern no error in the administrative judge's determination.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        _____
                                      Gina K. Grippando
                                      Clerk of the Board
Washington, D.C.